

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
02/16/2011

| | |
|---|---|
| IN RE: § | |
| JAMAL ABDALLA AYESH, § | Case No. 10-36817 |
|     Debtor(s). § | |
| § | Chapter 7 |
| § | |
| FIRE SAFE PROTECTION SERVICES, § | |
| LP, § | |
|     Plaintiff(s) § | |
| § | |
| VS. § | Adversary No. 10-03505 |
| § | |
| JAMAL ABDALLA AYESH; aka MITCH; § | |
| dba ROYAL SALON; dba SALON ROYAL; § | |
| dba CLIPPER CUT; dba SALON JOVAN; § | |
| dba ROYAL BEAUTY SALON; dba § | |
| SHAHD BEAUTI SUPPLY & SALON; dba § | |
| SALON JOVAN & BEAUTY SUPPLY, § | |
|     Defendant(s). § | Judge Isgur |

## MEMORANDUM OPINION

Plaintiff Fire Safe Protection Services, L.P. ("Fire Safe") instituted this adversary proceeding to have Defendant Jamal Ayesh's debt declared nondischargeable under 11 U.S.C. § 523(a)(2)(A) for false pretenses, false representation, or actual fraud. Fire Safe has already obtained a state-court judgment against Ayesh for breach of contract. The state court did not award exemplary damages, finding that Fire Safe had not proven that Ayesh attempted to defraud them at the time the contract was formed. Ayesh has moved for summary judgment, asserting that the Fire Safe is collaterally estopped from relitigating the issue of whether Ayesh intended to defraud Fire Safe. Because the state court's determination was based on a heightened standard of proof, the Court denies Ayesh's motion for summary judgment.

**Background**

Fire Safe alleges that on March 25, 2008, Ayesh, under the assumed name of Jovan Mitch, signed a contract with Fire Safe to obtain fire safety equipment and services for his business, the Royal Beauty Salon.  Fire Safe states that they demanded payment of $2,354.44 on March 11, 2009, and Ayesh never paid.

Fire Safe sued Ayesh in the Harris County Civil Court at Law on May 18, 2009.  The matter went to trial on April 5, 2010, and the court entered judgment on April 8, 2010.  State Court Judgment, Doc. No. 1-5.  The court awarded $2,354.44 in actual damages and $11,143.94 in legal fees.  The court did not award any exemplary damages, stating:

> The Court is not sure on the proof of the elements necessary for exemplary damages, i.e., an attempt to defraud at the time of making of the contract.  Because the Court did not find that, the request for exemplary damages is denied.  Evasion or putting up a defense is not a factor that gets exemplary damages.  You have to prove an attempt to defraud at the time of the signing of the contract.  The Court does not find that exists.

State Court Trial Tr., Doc. No. 9, at 57.

On August 10, 2010, Ayesh filed for bankruptcy in this Court, in Case No. 10-36817. Fire Safe filed this adversary proceeding on October 20, 2010, seeking to have the state-court judgment declared a nondischargeable debt under § 523(a)(2)(A) of the Bankruptcy Code. Under § 523(a)(2)(A), debts for false pretenses, false representation, or actual fraud are nondischargeable in bankruptcy.  A nondischargeability claim under § 523(a)(2)(A) requires a showing of intent to deceive.  *Gen. Elec. Capital Corp. v. Acosta (In re Acosta)*, 406 F.3d 367, 372 (5th Cir. 2005).

Ayesh moved for summary judgment on January 13, 2011, asserting that the issue of Ayesh's intent to deceive had been fully litigated in state court.  Doc. No. 11.  Fire Safe filed a

response on February 4, 2011. Doc. No. 12. Ayesh filed a reply on February 15, 2011. Doc. No. 14.

Ayesh argued that the state court's finding that Fire Safe did not prove "an attempt to defraud at the time of the signing of the contract" precluded relitigation of Ayesh's intent. Fire Safe, Ayesh argued, is therefore collaterally estopped from litigating the dischargeability of the state-court judgment. Def's Mot. for Summary Judgment, Doc. No. 11, at 4-5.

## Summary Judgment Standard

Summary judgment should be granted "if the pleadings, the discovery, and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED R. CIV. P. 56(c); *Gray Law LLP v. Transcon. Ins. Co.*, 560 F.3d 361, 365 (5th Cir. 2009). Federal Rule of Bankruptcy Procedure 7056 incorporates Rule 56 in adversary proceedings.[1]

A party seeking summary judgment must demonstrate: (i) an absence of evidence to support the non-moving party's claims or (ii) an absence of a genuine issue of material fact. *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006). A genuine issue of material fact is one that could affect the outcome of the action or allow a reasonable fact finder to find in favor of the non-moving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008) ("A genuine issue of material fact exists

---

[1] Rule 56 was amended, effective December 1, 2007. Although most changes were stylistic, the changes to Rule 56(c) were substantive. Prior to the amendment, Rule 56(c) provided that the Court "shall" grant summary judgment if the relevant criteria were met. Effective December 1, 2007, the word "shall" was changed to "should". The Committee Notes to the 2007 amendment state that the word "[s]hould" was substituted for "shall" to recognize that, "although there is no discretion to enter summary judgment when there is a genuine issue as to any material fact, there is discretion to deny summary judgment when it appears that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56 advisory committee's notes (2007). As one commentator noted, "[E]ven when a motion for summary judgment is properly made and supported, it need not be granted. Such a motion may be granted— indeed, it should be granted—but it does not have to be granted." Bradley S. Shannon, *Should Summary Judgment Be Granted?*, 58 Am. U. L. Rev. 85, 95 (2008).

if a reasonable jury could enter a verdict for the non-moving party."); *James v. Tex. Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008). A court views the facts and evidence in the light most favorable to the non-moving party at all times. *Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009); *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007). Nevertheless, a court is not obligated to search the record for the non-moving party's evidence. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). The Court should not weigh the evidence inasmuch as a credibility determination may not be part of the summary judgment analysis. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

"The moving party bears the burden of establishing that there are no genuine issues of material fact." *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412 (5th Cir. 2008). The evidentiary support needed to meet the initial summary judgment burden depends on whether the movant bears the ultimate burden of proof at trial.

If the movant bears the burden of proof on an issue, a successful motion must present evidence that would entitle the movant to judgment at trial. *Malacara v. Garber*, 353 F.3d 393, 403 (5th Cir. 2003); *Chaplin v. Nationscredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). Upon an adequate showing, the burden shifts to the non-moving party to establish a genuine issue of material fact. *Sossamon*, 560 F.3d at 326; *U.S. v. 92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008). The non-moving party has a duty to respond with specific evidence demonstrating a disputed fact issue. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *92,203.00 in United States Currency*, 537 F.3d at 507. When identifying specific evidence in the record, the non-movant must "articulate the manner in which that evidence supports that party's

claim." *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004); *Raga v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

If the movant does not bear the burden of proof, the movant must show the absence of sufficient evidence to support an essential element of the opposing party's claim. *Norwegian Bulk Transp. A/S*, 520 F.3d at 412; *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006). Movants who do not bear the ultimate burden of proof often seek summary judgment after discovery has produced insufficient evidence to support the non-moving party's claims. Upon an adequate showing of insufficient evidence, the non-movant must respond with sufficient evidence to support the challenged element of its case. *Celotex*, 477 U.S. at 324. The non-movant must "go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue" rather than relying on conclusory allegations. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 163–64 (5th Cir. 2006); *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). Ultimately, the motion should be granted if the non-moving party cannot produce evidence to support an essential element of its claim. *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

## Analysis

In order to prove nondischargeability under § 523(a)(2)(A), for false pretenses, false representation, or actual fraud, a creditor must show (1) that the debtor made a representation; (2) that the debtor knew the representation was false; (3) that the representation was made with the intent to deceive the creditor; (4) that the creditor actually and justifiably relied on the representation; and (5) that the creditor sustained a loss as a proximate result of its reliance. *Acosta*, 406 F.3d at 372. If Fire Safe is estopped from litigating the issue of Ayesh's intent to deceive, then it will be unable to prove all the elements of a § 523(a)(2)(A) claim.

The state court's finding that Fire Safe had not proven "attempt to defraud" for purposes of exemplary damages under Texas law does not preclude the litigation of Ayesh's intent to deceive. Texas law does not allow exemplary damages for actual fraud unless the plaintiff shows, by clear and convincing evidence, that the defendant committed fraud. Tex. Civ. Prac. & Rem. Code § 41.003(a); *Marin v. IESI TX Corp.*, 317 S.W.3d 314 (Tex. App. Houston [1st Dist.] 2010, pet. filed). However, the standard of proof for dischargeability exceptions under § 523(a) is only preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 291 (1991).

Collateral estoppel does not bar relitigation of facts when the standard of proof is lower in the second proceeding than in the first. *Ex parte Taylor*, 101 S.W.3d 440 n.17 (Tex. Crim. App. 2002) (citing *Dowling v. United States*, 493 U.S. 342, 349 (1990)). The standard of proof is lower for a dischargeability claim than for a state-law exemplary damages claim, and therefore the issue of Ayesh's fraudulent intent, within the meaning of § 523(a)(2)(A), was not fully and fairly litigated.

## Conclusion

The state court's findings with respect to Fire Safe's exemplary damages claim were based on a heightened standard of proof. The issue of Ayesh's intent to deceive has not been fully and fairly litigated based on a preponderance of the evidence standard. Ayesh's intent is an issue of material fact. The Court therefore denies Ayesh's motion for summary judgment.

SIGNED **February 16, 2011.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE